UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTONIO LOPEZ | § | |
| | § | |
| VS. | § | C.A. NO. 24-CV-235-JKP |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| D/B/A WAL-MART SUPERCENTER | § | |
| #1313, WAL-MART SUPERCENTER #1313 | § | |
| AND WALMART INC. | § | JURY DEMANDED |

**DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE U.S. DISTRICT JUDGE JASON PULLIAM:

NOW COMES Defendants WAL-MART STORES TEXAS, LLC, WAL-MART SUPERCENTER #1313 and WALMART INC. (hereinafter "Walmart") in the above numbered and entitled cause of action, files its First Amended Answer to Plaintiff's Original Petition pursuant to the Federal Rules of Civil Procedure and in support thereof would respectfully show unto the Court as follows:

## I.   ADMISSIONS AND DENIALS

1.   Unless specifically admitted, Walmart denies all averments in Plaintiff's Original Petition as allowed under Rule 8(b) of the Federal Rules of Civil Procedure.

2.   Walmart denies the averments contained within paragraph 1 as the Texas Rules of Civil Procedure are not applicable.

3.   Upon information and belief, Walmart admits the averments contained within paragraph 2.

4.   Walmart admits the averments contained within paragraph 3.

5.   Walmart admits the averments contained within paragraph 4.

6. Walmart admits the averments contained within paragraph 5.

7. Walmart denies the averments contained within paragraph 6.

8. Walmart admits the averments contained within paragraph 7 to the extent that it believes that this Court has venue over this matter, but denies the averments contained withing paragraph 7 to the extent that it alleges the Texas Civil Practice and Remedies Code gives rise to this Court's venue. To the extent not admitted, the averments are denied.

9. Walmart denies the averments contained within paragraph 8.

10. Walmart denies the averments contained within paragraph 9.

11. Walmart denies the averments contained within paragraph 10.

12. Walmart denies the averments contained within paragraph 11.

13. Walmart denies the averments contained within paragraph 12.

14. Walmart denies the averments contained within paragraph 13.

15. Walmart denies the averments contained within paragraph 14, including subparts A. and B.

16. Walmart denies the averments contained within paragraph 15.

17. Walmart denies the averments contained within paragraph 16.

18. Walmart denies the averments contained within paragraph 17.

19. Walmart denies the averments contained within paragraph 18, including subparts A., B. and C.

20. Walmart denies the averments contained within paragraph 19.

21. Walmart denies the averments contained within paragraph 20, including subparts A. – J.

22. The averments contained within paragraph 21 do not require admission or denial, however, to the extent necessary, Walmart denies the applicability of the Texas Rules of Civil Procedure to this action.

23. The averments contained in Plaintiff's Prayer do not require admission or denial, however, to the extent necessary, Walmart denies any damages sought by Plaintiff.

## II.     AFFIRMATIVE DEFENSES

24. Pleading further and without waiving the foregoing, Walmart asserts Plaintiff's damages were caused in whole or in part by his own negligence or responsibility. Accordingly, Walmart asserts all rights, privileges and remedies afforded or available to them pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code.

25. Pleading further and without waiving the foregoing, Walmart asserts that the incident in question was proximately caused or solely proximately caused by the negligent and/or wrongful conduct on an unknown third-party, outside the control of Walmart. Accordingly, Walmart asserts all rights, privileges and remedies afforded or available to them pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code.

26. Pleading further and without waiving the foregoing, Walmart asserts all rights, privileges and remedies afforded or available to them pursuant to section 41.0105 of the Texas Civil Practices and Remedies Code. In *Haygood v. De Escabedo* the Supreme Court of Texas held that the restrictions in Section 41.0105 of the Texas Civil Practices and Remedies Code limit evidence that may be presented at trial to those medical expenses that Plaintiff's healthcare providers have a legal right to be paid. *Haygood v. De Escobedo*, 356 S.W.3d 390, 398 (Tex. 2011). In accordance with the Texas Supreme Court's holding in *Haygood* and the restrictions imposed by TEX. CIV. PRACT. AND REM. CODE § 41.0105, Walmart asserts that Plaintiff's

recoverable medical expenses should be limited to those that have been or will be paid by or on behalf of Plaintiff. *See* TEX. CIV. PRAC. & REM. CODE § 41.0105; *Haygood*, 356 S.W.3d at 398.

27. Pleading further and without waiving the foregoing, Walmart asserts that no negligent or wrongful act or omission of any employees of Walmart, while acting within the course and scope of their employment, caused or in any way contributed to the damages allegedly sustained by Plaintiff. Thus, Walmart specifically denies liability of any kind or nature whatsoever.

28. Pleading further and without waiving the foregoing, Walmart invokes its legal right to a reduction of any monetary verdict which may be rendered in this case by credit for payments made to Plaintiff by other persons and/or entities, or by the percentage reductions to Walmart would be entitled as a result of jury findings against Plaintiff, responsible third-parties, or any other persons to entities. Walmart further reserves its right to submit issues against parties who may be present or absent from this case at the time the matter is passed to the jury for fact determinations.

29. Pleading further and without waiving the foregoing, Walmart asserts that the incident and damages complained of are the result of pre-existing and/or subsequent medical conditions or injuries. Accordingly, Walmart asserts all rights, privileges and remedies afforded or available to it pursuant to Chapter 41 of the Texas Civil Practices and Remedies Code.

30. Pleading further and without waiving the foregoing, Walmart asserts that any damages allegedly suffered by Plaintiff as a result of the incident made the basis of this lawsuit, which Walmart expressly denies by the filing of this pleading, were exacerbated by Plaintiff's failure to mitigate said damages. Accordingly, Walmart asserts all rights, privileges and remedies afforded or available to it pursuant to the Texas Civil Practices and Remedies Code.

31. Pleading further and without waiving the foregoing, Walmart asserts the limitation on the recovery of damages for loss of earnings and loss of contributions of pecuniary value set forth in section 18.091 of the Texas Civil Practices and Remedies Code.

32. Pleading further and without waiving the foregoing, Walmart specifically reserves the right to amend this Answer, as is their right under the Federal Rules of Civil Procedure.

### III.   DEFENDANT'S DEMAND FOR JURY TRIAL

33. Pleading further and without waiving the foregoing, to the extent necessary, Walmart renews its demand for a jury trial on all issues brought against it by Plaintiff in this matter.

### IV.   PRAYER

WHEREFORE, Defendant Walmart Inc. prays that Plaintiff take nothing by this lawsuit, and that Defendants be allowed to go hence without delay and recover all of its costs and attorney's fees, and such other and further relief, both special and general, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

DAW & RAY
A LIMITED LIABILITY PARTNERSHIP

*/s/ Elizabeth W. Yancy*
James K. Floyd; SBN:24047628Email: jfloyd@dawray.com Elizabeth W. Yancy; SBN: 24098642
Email: eyancy@dawray.com
14100 San Pedro Ave., Suite 302
San Antonio, TX 78232
(210) 224-3121 Telephone
(210) 224-3188 Facsimile
**ATTORNEY FOR DEFENDANTS**

6 | P a g e

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all known counsel of record via priority mail on this the  15th  day of August,  2024.

Dustin Brown
STANLEY AND ASSOCIATES, PLLC
2600 K Avenue, Suite 180
Plano, Texas 75074
**ATTORNEY FOR PLAINTIFF**

                                          */s/ Elizabeth W. Yancy*
                                          Elizabeth W. Yancy